**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHELE HADDAD,

    Plaintiff,

vs.                                  Case No. 3:10-cv-414-J-34TEM

ELIZABETH DUDEK, in her official capacity
as Secretary, Florida Agency for Health
Care Administration, and

DR. HENRY FRANK FARMER, in his
official capacity as Florida Surgeon
General, Florida Department of Health,[1]

    Defendants.
_____

**ORDER**

This case is before the Court on Plaintiff's Motion for Attorneys' Fees and Litigation Expenses. (Doc. 74; Motion). The Motion was referred to the Honorable Thomas E. Morris, United States Magistrate Judge, for a Report and Recommendation regarding an appropriate resolution of the Motion. (Doc. 75; 07/08/11 Order). Defendants filed a Response in Opposition to the Motion, (Doc. 76; Response), and with leave of Court, Plaintiff filed a Reply to the Response. (Doc. 80; Reply). On October 3, 2011, Judge Morris conducted a hearing

---

[1] Plaintiff originally named Thomas Arnold, in his official capacity as Secretary of the Florida Agency for Health Care Administration, and "Dr. Anna Viamonte Ross in her official capacity as Secretary, Florida Department of Health." (Doc 1; Complaint). Dr. Ana Viamonte Ros previously served as Florida's Surgeon General. Dr. Henry Frank Farmer is currently serving as Florida's Surgeon General. Additionally, Thomas Arnold is no longer serving in the position of Secretary of the Florida Agency for Health Care Administration (FAHCA), and Elizabeth Dudek is currently serving as Secretary of the FAHCA. (See Doc. 93). Pursuant to Rule 25(d), Federal Rules of Civil Procedure (Rules(s)), Dudek and Farmer are substituted as the named Defendants in their official capacity, as successors in office.

on Plaintiff's Motion, at which arguments of counsel were presented. (Doc. 90; 10/03/11 Minutes). On October 20, 2011, the Magistrate Judge entered a 29-page Report and Recommendation (Doc. 92; Report), recommending that Plaintiff's Motion be granted in part, and that Plaintiff should be awarded attorney's fees and costs in the amount of $75,641.16.[2] Report at 29. Thereafter, Defendants filed Objections to Report and Recommendation Regarding Resolution of Plaintiff's Motion for Attorneys' Fees and Litigation Expenses, (Doc. 93; Objections), and Plaintiff filed a Response to the Objections. (Doc. 95; Response to Objections).

**Standard of Review**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). The district court must review legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007). Upon independent review of the file, and for the reasons stated in Judge Morris's Report, the Court will overrule the Objections, and accept and adopt the legal and

---

[2] In reaching this conclusion, the Magistrate Judge recommended that Plaintiff recover for 98.9 hours claimed by Attorney Stephen Gold at $525 per hour, totaling $51,922.50, and for 72.8 hours claimed by Attorney Jay Howanitz at $300 per hour, totaling $21,840.00, plus litigation costs totaling $1,878.66. Report at 29.

factual conclusions recommended by Judge Morris, with one minor modification.[3] Accordingly, it is hereby

**ORDERED**:

1.   The objections set forth in Defendants' Objections to Report and Recommendation Regarding Resolution of Plaintiff's Motion for Attorneys' Fees and Litigation Expenses, (Doc. 93) are **OVERRULED**.

2.   The Magistrate Judge's Report and Recommendation (Doc. 92) is **ADOPTED**, as modified by this Order, as the opinion of the Court.

3.   Plaintiff's Motion for Attorneys' Fees and Litigation Expenses (Doc. 74) is **GRANTED IN PART**, as set forth in the Report and Recommendation.

4.   Plaintiff is entitled to an award for attorney's fees and costs in the amount of **$75,641.16**.

5.   The Clerk of the Court is directed to enter a **Judgment** in favor of Plaintiff Michele Haddad, and against Defendant Elizabeth Dudek, in her official capacity as Secretary, Florida Agency for Health Care Administration, and Defendant Dr. Harry Frank

---

[3] In the Report, the Magistrate Judge concludes that an hourly rate of $525 is not unreasonable "based on the prevailing market value in the Middle District of Florida for similar services by lawyers of comparable skills, experience and reputation." Report at 22. The undersigned need not consider whether such a rate is reasonable in the Middle District of Florida as the Magistrate Judge also concluded, correctly, that Plaintiff was justified in hiring a "non-local attorney." See id. at 21-22. Amer. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999)(attorney may recover non-local rates if that attorney can demonstrate a lack of local attorneys who were willing and able to take the case). Upon consideration of the Declarations of Stephen F. Gold, Howard C. Coker, and Mark G. Alexander, and utilizing the Court's own expertise and experience on the matter of the reasonableness of fees, the undersigned finds, for the reasons stated by the Magistrate Judge, that the rate of $525 is a reasonable rate in this action for a Philadelphia, Pennsylvania attorney with 40 years experience and extensive knowledge and experience relating to the subject matter of the action. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988); see also Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994); Padurjan v. Aventura Limousine & Transp. Serv., Inc., 441 F. App'x 684, 686 (11th Cir. 2011).

Farmer, in his official capacity as Surgeon General, Florida Department of Health, in the amount of $75,641.16, for attorneys' fees and costs in accordance with this Order, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 2nd day of February, 2012.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc12
Copies to:
Counsel of Record